UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA CIVELLO,<br><br>        Plaintiff,<br><br>    v.<br><br>EQUINIX, INC., et al.,<br><br>        Defendants. | Case No. 24-cv-08803-JSW<br><br>**ORDER GRANTING MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. Nos. 10, 12 |

Now before the Court is the motion to dismiss and motion to transfer venue filed by Defendant Equinix, Inc. ("Equinix"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motions suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the reasons set forth below, the Court HEREBY GRANTS Equinix's motion to transfer venue to the United States District Court of Arizona.[1]

**BACKGROUND**

Equinix moves to transfer this action to the District of Arizona, Phoenix Division, where Plaintiff Melissa Civello resides and where the suit could have originally been filed. Plaintiff originally filed this action in San Mateo County Superior Court and Equinix removed to this Court. Plaintiff's only connection to California, as alleged in the complaint, is that Equinix has operations in San Mateo County. However, Plaintiff acted as a remote employee, working from her residence in Arizona, and all of the alleged conduct giving rise to her claims occurred outside of California.

---

[1] Because the Court grants Equinix's motion to transfer venue, it is more appropriate for the Arizona court to decide the pending Rule 12(b)(6) motion to dismiss on the merits.

1    Plaintiff worked for Equinix from July 19, 2021, until July 2023.  (Dkt. No. 1-1, Complaint ¶¶ 9, 115.)  Plaintiff signed an offer letter that contained the address in Chicago, Illinois that she had provided as part of her application process.  (Dkt. No. 13-1, Declaration of Selena Jaudon ("Jaudon Decl."), Ex. 1.)  The offer letter included a choice of law provision of Illinois for the resolution of any disputes.  During the entirety of her employment with Equinix, Plaintiff resided in Chandler, Arizona and worked remotely from there.  (Compl. ¶ 1; Jaudon Decl. ¶¶ 5-7.)  Plaintiff's supervisors and other employees whom she names in her complaint are also remote employees based in states other than California.  (Compl. ¶¶ 3-6, 15; Jaudon Decl. ¶¶ 9, 10, 12.)  The sole connection to the Northern District of California is Plaintiff's claim that Equinix is headquartered in San Mateo County, California.  (Compl. ¶ 2.)

The Court will address additional facts as necessary below.

## ANALYSIS

**A.     Applicable Legal Standard**.

Equinix moves to transfer this matter to the District of Arizona, Phoenix Division.  Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district where the case could have been filed originally.  The moving party bears the burden of showing that the inconvenience of litigating in this forum favors transfer.  *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1088 (N.D. Cal. 2002) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)).  In order to meet its burden, the moving party must present affidavits or declarations to establish facts supporting transfer.  *Forte Capital Partners v. Harris Cramer*, No. 07-cv-01237-MJJ, 2007 WL 1430052, at *2 (N.D. Cal. May 14, 2007) (citations omitted).  A district court has broad discretion to evaluate a motion to transfer based on an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and quotation omitted).

In order for the court to transfer an action under Section 1404(a), the Court must find: (i) the transferee court is one where the action "might have been brought" and (ii) the convenience of the parties and witnesses and the interest of justice favor transfer.  *Hatch v. Reliance Ins. Co.*, 758

F.2d 409, 414 (9th Cir. 1985). The convenience of the parties and witnesses is subordinate to the interest of justice, which is the "predominant" consideration. *Madani v. Shell Oil Co.*, No. 07-cv-04296-MJJ, 2008 WL 268986, *2 (N.D. Cal. Jan. 30, 2008). Indeed, the purpose of Section 1404 is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense[.]'" *Van Dusen v. Barrack¸* 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 27 (1960)).

To determine whether the moving party has met its burden to demonstrate that convenience and the interest of justice favor transfer, a court may consider multiple factors, including: (i) the location where relevant agreements were negotiated and executed, (ii) the state most familiar with the governing law, (iii) the plaintiff's choice of forum, (iv) the respective parties' contacts with the forum, (v) the contacts relating to the plaintiff's cause of action in the chosen forum, (vi) the differences in the costs of litigation in each fora, (vii) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (viii) the ease of access to evidence. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). This list is not exclusive, and a court may consider other factors. *Global Hawk Ins. Co. v. Vega*, 15-cv-02093-YGR, 2015 WL 7720801, at *3 (N.D. Cal. Nov. 30, 2015).

**B.     Transfer of the Case Will Serve Interests of Justice.**

The parties do not dispute that this action could have been brought in the District of Arizona. Once this threshold is met, the court has discretion to consider motions to change forum based on an "individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 229 (1988). Equinix's motion turns on whether it has met its burden to show that (i) the convenience of the parties and witnesses and (ii) the interests of justice weigh in favor of transfer. *Hatch*, 758 F.2d at 414. Factors the court should consider in analyzing the interests of justice include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative congestion and time of trial in each forum."

3

*Williams v. Bowman*, 157 F. Supp. 2d 1103, 1006 (N.D. Cal. 2001); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (setting out similar factors and also considering "the location where the relevant agreements were negotiated," the parties' "contacts with the forum," and "the availability of compulsory process to compel attendance of unwilling non-party witnesses").

### 1. Plaintiff's Choice of Forum.

There is a "strong presumption" in favor of a plaintiff's chosen forum. *Secs. Inv'r Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). A defendant must make a "strong showing of inconvenience" to warrant upsetting the plaintiff's choice of forum. *Decker*, 805 F.2d at 843. A motion to transfer will not be granted if it would merely shift the inconvenience from the defendant to the plaintiff. *See id.* However, where the forum lacks a significant connection to the activities alleged in the complaint, the degree to which a court defers to a plaintiff's chosen venue substantially reduces. *See, e.g., Williams,* 157 F. Supp. 2d at 1106; *see also Fraser v. Brightstar Franchising, LLC*, 2016 WL 4269869, at *7 (N.D. Cal. Aug. 15, 2016) (holding that the weight of plaintiff's choice of forum "substantially reduced where the plaintiff's venue choice is not its residence"); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.")

Plaintiff resides in the District of Arizona. No witnesses' residence nor any alleged fact occurred in the Northern District of California. Although some deference is due Plaintiff's choice of forum, because none of the activities occurred in northern California and this forum is not her residence, this factor weighs in favor of transfer.

### 2. Location of Operative Facts.

Not a single fact plead by Plaintiff occurred in California. Her contract for employment was signed in Illinois and contains an Illinois choice-of-law provision. Plaintiff worked remotely and exclusively from her residence in Arizona. All of the supervisors and colleagues mentioned in the complaint worked remotely from various other states, including Georgia, North Carolina, Florida, and Illinois. As none of the events occurred in California and Plaintiff is resident in

4

Arizona, this factor tips in favor of transfer. *See Cohen v. Versatile Studios, Inc.*, No. 13-cv-4121-GAF-MAN, 2013 WL 12130019, at *6 (C.D. Cal. Nov. 15, 2013).

### 3. Parties' Contacts with Forum.

Although Equinix has an office in California, Plaintiff fails to allege any facts indicating her contact with the jurisdiction. This factor weighs in favor of transfer.

### 4. Convenience of Parties and Witnesses and Cost.

There is no evidence before the Court to suggest that it is more or less expensive or convenient to litigate this lawsuit in California rather than to litigate it in Arizona. However, it is clear that the comparative expense of litigating in her home forum would reduce the cost to her. The remainder of the witnesses named in the complaint reside in states other than California.

This factor weighs in favor of transfer.

### 5. Ease of Access to Evidence.

Although presumably much of Plaintiff's evidence will be located or accessible at her residence in Arizona, there are no allegations that any evidence may be located in California. However, many courts have noted that "advances of technology" have facilitated the transfer of documents to different locations and, accordingly, the location of documents generally does not carry much weight in the transfer analysis. *Chapman Univ. v. Atl. Richfield Co.*, No. 12-cv-5680-JGB-AGR, 2013 WL 12126015, at *5–8 (C.D. Cal. Feb. 25, 2013) (citations omitted).

### 6. Ability to Compel Attendance of Unwilling Non-party Witnesses.

Neither party has presented evidence of unwilling witnesses that would require either the District of Arizona or the Northern District of California to compel their attendance. This factor is therefore neutral.

### 7. Local Interest in Controversy.

Equinix contends that the local interest in deciding issues raised by this case favors Arizona because it has an interest in litigating disputes arising out of employment in the state, whereas the Court finds there is no local interest in the Northern District of California. *See, e.g., Clark v. VIP Petcare, LLC*, 2023 WL 8459928, at *5 (N.D. Cal. Dec. 6, 2023) (holding that Tennessee has a "greater local interest" in resolving the dispute than California because plaintiff

5

1  had "performed all of the relevant work" in Tennessee). Equinix merely having offices in northern California, with no specific connection to the litigation, does not establish that Plaintiff's claims have a material connection with this district. *See Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1159 (S.D. Cal. 2005); *see also Clark*, 2023 WL 8459928, at *4 (rejecting California as forum despite defendant being headquartered in the district because there were no "relevant case-related contacts with California").

Accordingly, the Court finds that Arizona has a greater interest in resolving the rights of its citizens and this factor favors transfer.

### 8. Familiarity of Fora with Applicable Law.

Here, the employment agreement at issue contains an Illinois choice-of-law provision. Equinix moves separately to dismiss many of the Plaintiff's causes of action under California law. Whether or not the Arizona District Court finds Plaintiff may proceed with those substantive causes of action, for the purposes of this motion, the answer to this question is irrelevant because "federal courts are deemed capable of applying the substantive law of other states." *ACTV8 LLC v. Media Gen. Inc.*, No. 11-cv-4961-GAF-MAN, 2011 WL 13220728, at *3 (C.D. Cal. July 13, 2011) (quoting *Prudential Sec. Inc. v. Norcom Dev., Inc.*, No. 97-cv-308, 1998 WL 397889, at *6 (S.D.N.Y. July 16, 1998). Courts in California and in Arizona are therefore equally able to apply the governing law. *See, e.g., Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W.D. of Texas*, 571 U.S. 49, 67 (2013) ("Federal judges routinely apply the law of a State other than the State in which they sit."). Whether or not California law may provide protections upon transfer to Arizona court remains for the transferee court to determine. *See Lee v. Lockheed Martin Corp.¸* 2003 WL 22159053, at *3 (N.D. Cal. Sept. 16, 2003) ("Plaintiff has raised arguments for California law to apply upon transfer to the Eastern District of North Carolina. This issue … remains for the Eastern District to determine."). The resolution of what law applies and to which causes of action is a decision for the Arizona District Court to make. *See, e.g., Garcia v. Roc Nation LLC*, 2024 WL 4766199, at *3 (C.D. Cal. Oct. 4, 2024 ("The resolution of whether New York or California (or even Texas) law applies is a decision for the transferee court to make.").

Accordingly, this factor is neutral.

6

**9.     Relative Congestion and Time of Trial in Each Forum.**

In evaluating the interest of justice, a court may consider "public interest factors such as court congestion, local interest in deciding local controversies, conflicts of laws, and burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "To measure congestion, courts compare the two fora's 'median time from filing to disposition or trial.'" *Ctr. For Food Safety v. Vilsack¸* 2011 WL 996343, at *8 (N.D. Cal. Mar. 17, 2011) (quoting *Costco Wholesale Corp. v. Liberty Mutual Ins. Co.¸* 472 F. Supp. 2d 1183, 1196 (S.D. Cal. 2007)). Equinix has proffered evidence of the statistics for pending cases in the two districts, and the District of Arizona is considerably less congested and takes fewer month for resolution than this one.

Accordingly, this factor weighs in favor of transfer.

## CONCLUSION

Plaintiff filed this action in a forum that is not her own and has no particular interest in the outcome of the action. The interest of justice will be best served by transferring the matter to the District Court in Arizona because Arizona has a more of a local interest in the controversy than California. In addition, transfer of the matter to Arizona would serve the convenience of the parties and witnesses because most of the evidence required to prove the matter and the key witness are located there. Therefore, the balance of the factors weighs in favor of transfer of the matter to the United States District Court for the District of Arizona, Phoenix Division. For the foregoing reasons, the Court hereby GRANTS Equinix's motion to transfer this matter and ORDERS the transfer of this action to the United States District Court for the District of Arizona. The Clerk of the Court shall transfer the file forthwith.

**IT IS SO ORDERED.**

Dated: February 28, 2025

_____
JEFFREY S. WHITE
United States District Judge